UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Willie Troy Price, ) | C/A No. 3:05-1686-MBS |
| ) | |
| Plaintiff, ) | |
| vs. ) | |
| ) | |
| Robert Daly, Director, Anderson County ) | |
| Detention Center; Eric Boggs, Captain; ) | |
| Ms. FNU Roundtree; Ms. FNU Black; and ) | |
| Entire Administration and All ) | **OPINION AND ORDER** |
| Correctional Officers of the Anderson ) | |
| County Detention Center, Each to be ) | |
| Sued in their Individual and Official ) | |
| Capacities, ) | |
| ) | |
| Defendants. . ) | |
| _____) | |

At the time of the underlying complaint, Plaintiff Willie Troy Price was a pretrial detainee at the Anderson County Detention Center ("ACDC") in Anderson, South Carolina. Plaintiff, appearing pro se, alleges that he was denied adequate medical care in violation of his rights under the Fourteenth Amendment. Plaintiff brings this action pursuant to 42 U.S.C. § 1983

This matter is before the court on motion for summary judgment filed by Defendants Robert Daly, Eric Boggs, FNU Roundtree, and FNU Black on December 27, 2005. (Entry 43) By Order issued January 12, 2006, in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment procedure and of the possible consequences if he failed to respond adequately. Plaintiff filed a response in opposition to the summary judgment motion on May 2, 2006.

Also before the court are Plaintiff's motion for preliminary injunction filed September 20, 2005 (Entry 20) and Plaintiff's motion to dismiss the ACDC correctional officers filed May 2, 2006

(Entry 59).

Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02 D.S.C., this matter was referred to United States Magistrate Judge Joseph R. McCrorey for pretrial handling. The Magistrate Judge filed a Report and Recommendation on May 11, 2006 in which he recommended that Defendants' motion for summary judgment be granted, Plaintiff's motion for injunctive relief be denied, and Plaintiff's motion to dismiss be denied as moot. Plaintiff filed objections to the Report and Recommendation on May 26,2006.

The Magistrate Judge makes only a recommendation to the court. Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The responsibility to make a final determination remains with the court. Id. The court is charged with conducting a de novo review of the report to which specific objection has been made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

## I. FACTS

The facts are discussed in detain in the Report and Recommendation. Briefly, Plaintiff alleges that he complained of headaches and blurred vision for two months. Plaintiff contends that when he was prescribed medication he did not always receive it on the weekends because ACDC has no medical staff on weekends or holidays. Plaintiff contends that Defendants Roundtree and Black told him to buy Tylenol at the canteen, even though he was without funds to do so.

## II. DISCUSSION

Plaintiff contends the Magistrate Judge erred in recommending summary judgment be granted with respect to his claim that he was denied adequate medical care. The court disagrees.

As a pretrial detainee, Plaintiff retained certain rights unavailable to convicted prisoners. A person lawfully committed to pretrial detention has not been adjudged guilty of any crime. Under such circumstances, he may be detained by the government to ensure his presence at trial; however, the conditions and restrictions to which he is subject at the detention facility cannot amount to punishment, or otherwise violate the Constitution. Bell v. Wolfish, 441 U.S. 520, 536 (1979). The due process clause of the Fourteenth Amendment protects pretrial detainees. Id. at 535 n. 16. These protections are "at least as great as the Eighth Amendment protections available to a convicted prisoner." City of Revene v. Massachusetts Gen. Hosp., 463 U.S. 239, 244 (1983).

The government is "obligat[ed] to provide medical care for those whom it is punishing by incarceration." Estelle v. Gamble, 429 U.S. 97, 102 (1976). A pretrial detainee makes out a due process violation if he shows deliberate indifference to serious medical needs within the meaning of Estelle. Martin v. Gentile, 849 F.2d 863, 871 (4th Cir. 1988).

Assuming for purposes of summary judgment that Plaintiff's complaints of headaches and blurred vision constituted "serious medical needs," it is clear that Defendants were not deliberately different to his needs. As the Magistrate Judge noted, Plaintiff was treated with Tylenol and Ibuprofen in March 2005. He was examined by Dr. Marlon DeCastro on April 8, 2005. Dr. DeCastro ordered blood work, which was done at AnMed Laboratory on April 15, 2005. Dr. DeCastro also ordered an MRI of Plaintiff's head, which was performed at the Anderson Area Medical Center on April 19, 2005. On April 25, 2005, Dr. DeCastro diagnosed acute sinusitis and ordered treatment with antibiotics and sinus medication. ACDC medical personnel provided Plaintiff with his medications as prescribed.

The key question is whether medical personnel provided Plaintiff with some kind of

treatment, regardless of whether it was what Plaintiff desired. See Lamb v. Maschner, 633 F. Supp. 351, 353 (D. Kan. 1986). Plaintiff's objections are without merit.

Plaintiff does not object to the Magistrate Judge's recommendation that Plaintiff's motion for preliminary injunction be denied or that Plaintiff's motion to dismiss be denied as moot. In the absence of objections to the Report, this court is not required to give any explanation for adopting the recommendation. Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

### III.  CONCLUSION

The court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference. For the reasons stated above and in the Report and Recommendation, Defendants' motion for summary judgment (Entry 43) is **granted**. The court declines to exercise jurisdiction over any allegations of the complaint that can be construed as arising under state law. Plaintiff's motion for preliminary injunction (Entry 20) is **denied**. Plaintiff's motion to dismiss (Entry 59) is **denied as moot**.

**IT IS SO ORDERED.**

/s/ Margaret B. Seymour
United States District Judge

October 13, 2006

Columbia, South Carolina

### NOTICE OF RIGHT TO APPEAL

**Plaintiff is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**